*23-7370 (L); 23-7376 (L)*
*Petersen Energía Inversora et al. v. Argentine Republic, YPF S.A.;*
*Eton Park Cap. Mgmt. et al. v. Argentine Republic, YPF S.A.*

JOSÉ A. CABRANES, *Circuit Judge*:

I respectfully dissent.

The majority decision rests on an analysis of the corporate and expropriation law of the Republic of Argentina. Its opinion is a careful and respectful description of that complex body of law.

At this stage of the long-lived litigation the parties agree that the applicable substantive law is that of Argentina.

Under Fed. R. Civ. P. 44.1, "[a] court's determination [of foreign law] must be treated as a ruling on a question of law." It is thus not surprising that, as Judge Diane Wood, then of the Seventh Circuit, reminded us, "[r]easoning through foreign law is 'notoriously difficult, because the U.S. reader is likely to miss nuances in the foreign law, to fail to appreciate the way in which one branch of the other country's law interacts with another, or to assume erroneously that the foreign law mirrors U.S. law when it does not.'"[1]

As the majority opinion succinctly and accurately reports, "[t]he crux of this ten-year litigation is Plaintiffs' breach of contract claims against the Republic for damages arising from the Republic's failure to conduct a tender offer upon expropriation."[2]

For more than ten years, a distinguished judge of the Southern District has presided with meticulous care over the "factual realities"

---

[1] *Menghistab v. Garland*, 37 F. 4th 1240, 1246 (7th Cir. 2022).
[2] Op. at 35 (emphasis added).

that included complex arrangements designed to assure "private investors – many of whom were based in the United States – that they would be protected in the event the Republic decided to renationalize the country's largest oil and gas company if the economic and political winds ever shifted, just as they did in the early 2010s."[3]

The majority concludes that despite these "factual realities," we are required to limit our review of ten years of painstaking consideration of the law and facts on the ground by a demanding district judge to "the narrow legal question of whether the cause of action and remedy that Plaintiffs seek in the face of the Republic's actions is permitted under Argentine law."[4]

Lest we forget the "factual realities" that the majority opinion would have us minimize if not forget, I recall for the record some of the "factual realities" that make it impossible for me to join an otherwise outstanding majority opinion.

Over the course of more than ten years, the District Court heard about:

> 1. Argentina's forcible expulsion of YPF's board members from their premises;[5]

---

[3] *Id.* at 50.

[4] *Id.* at 50–51.

[5] Tr. of Trial at 296–97 (Aug. 15, 2023), *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, No. 15 Civ. 2739, Dkt. No. 489.

2.  "A well-founded fear of prosecution of [plaintiffs]' counsel if the instant action were brought in Argentina";[6]

3.  Argentine law as expounded by experts of all parties;[7]

4.  Argentina's own acknowledgement, calculation, and repudiation of its liabilities.[8]

Based on its close familiarity with the facts and law of the case, the District Court rejected Argentina's arguments as to breach of contract. Specifically, it held that the Republic had bilateral obligations towards the plaintiffs, enforceable under the Argentina Civil Code, remediable by damages, and not precluded by the General Corporations Law.[9] The District Court also found that Argentina's General Expropriation Law does not bar plaintiffs' claims. In reaching its conclusions, the District Court relied on, and cited, various expert reports.[10]

---

[6] *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 2016 WL 4735367, at *12 (S.D.N.Y. Sept. 9, 2016), *aff'd in part, appeal dismissed in part sub nom. Petersen Energia Inversora S.A.U. v. Argentine Republic & YPF S.A.*, 895 F.3d 194 (2d Cir. 2018).

[7] *See generally Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 2023 WL 2746022 (S.D.N.Y. Mar. 31, 2023), *on reconsideration in part*, 2023 WL 3625784 (S.D.N.Y. May 24, 2023).

[8] *Petersen Energia Inversora, S.A.U. et al v. Argentine Republic et al.*, No. 15-cv-02739-LAP, Dkt. No. 371-06.

[9] *Id.* at *12–13.

[10] *See, e.g., id.* at *12–13, *15.

3

Although there is no doubt that "we undoubtedly have discretion to decide [a] question of Argentine law in the first instance and would not be limited to the record created in the district court were we to do so,"[11] "we have recognized that determinations of another sovereign's law 'frequently call for fact-like procedures that a district court is better situated to implement.'"[12]  This is especially true when it comes to a civil-law jurisdiction like Argentina, whose legal system is "much different."[13]

We owe special consideration and respect to a District Court that has closely evaluated every aspect of the facts and, importantly, the governing law of Argentina.

On this basis, I would affirm the judgment of the District Court.

---

[11] *Bugliotti v. Republic of Argentina*, 952 F.3d 410, 413 (2d Cir. 2020).

[12] *Petroleos de Venezuela S.A. v. MUFG Union Bank*, 106 F.4th 263, 269 (2d Cir. 2024).

[13] *See Curley v. AMR Corp.*, 153 F.3d 5, 14 (2d Cir. 1998).